**Rinta Chandrana MEITY, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**Nos. 04–2286–AG(L), 04–6515–AG (CON) NAC.**

United States Court of Appeals, Second Circuit.

March 23, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

## SUMMARY ORDER

Rinta Chandrana Meity, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") denial of her applications for asylum and withholding of removal, denial of her motion to reconsider, and grant of voluntary departure. We presume the parties' familiarity with the underlying facts and procedural history of the case.

### A. Review of BIA's April 2004 decision

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Heather R. Phillips, Assistant United States Attorneys, Washington, D.C., for Respondent.

Meity first requests this Court to review the denial of her claim for withholding of removal and waives review of the bar to her asylum claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005) (holding that issues not argued in briefs are considered waived). The BIA explicitly adopted and affirmed the IJ's decision regarding withholding of removal, and so the Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). Because the IJ found Meity credible, the only issue for review is whether Meity alleged sufficient facts to carry her burden of showing that it is more likely than not that she would be persecuted in Indonesia. Because this issue involves the application of law to facts, our review is *de novo. See, e.g., Secaida–Rosales,* 331 F.3d at 307.

Like persons seeking asylum, applicants for withholding of removal who have suffered past persecution on a protected ground are presumed to be threatened with future with persecution on the same ground. 8 C.F.R. § 1208.16(b)(1)(i); *see Ivanishvili v. United States Dep't of Justice,* 433 F.3d 332 (2d Cir.2006). "Persecution" has been defined as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985). Although conduct must rise above mere harassment to constitute persecution, persecution "includes more than threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004) (quoting *Begzatowski v. INS,* 278 F.3d 665, 669 (7th Cir.2002)) (internal quotation marks and alterations removed); *see also Ivanishvili,* 433 F.3d at 340–41 (finding that persecution is the "infliction of suffering or harm upon those who differ on the basis of a protected statutory ground"). In assessing past persecution, the adjudicator must consider the cumulative effect of an applicant's experiences. *Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005).

Meity testified that, from a young age, she was repeatedly threatened with physical violence, including rape, because she was Chinese. At her asylum hearing, she recounted four specific incidents in which she was assaulted. Although these incidents, viewed individually, might be considered mere private harassment, in the aggregate they paint a picture in which, every time Meity left her house, she feared that she would be subject to some sort of physical violence. When attackers began threatening the integrity of her own home, she resolved that leaving the country was her safest option. Indeed, the State Department's country conditions report for Indonesia indicates that, as a Chinese Christian, Meity could not expect the government to intervene and protect her from attack. In such circumstances, the violence to which Meity was subjected constitutes persecution.

Having carried her burden for past persecution, Meity is presumed to be eligible for withholding of removal, a presumption which may be rebutted only by a finding that (1) there has been a fundamental change in circumstances such that Meity's life or freedom would not be threatened, or (2) Meity could avoid a future threat to her life or freedom by relocating to another part of Indonesia. 8 C.F.R. § 1208.16(b)(1)(i)(A), (B). The government bears the burden of establishing either of these grounds by a preponderance of the evidence. *See* § 1208.16(b)(1)(ii). We remand to the BIA for a determination of whether the government can, by a preponderance of the evidence, overcome the presumption that Meity, having established past persecution, is eligible for withholding.

### B. Review of BIA's November 2004 decision

Meity also challenges the BIA's denial of her motion to reconsider the denial of her motion to reopen proceedings so that she may reapply for asylum and withholding due to changed circumstances in Indonesia. *See* 8 C.F.R. § 1003.1(c)(3)(ii) (2004). She also requested agency reconsideration of her argument that she had been denied due process when she was granted voluntary departure without being adequately informed of the consequences of failing to depart within a prescribed time.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). As to Meity's due process claim, we find no such abuse: The record indicates that the IJ explicitly explained to Meity that failing to depart within the period granted would make her ineligible for a period of 10 years for various forms of relief, including adjustment. R. 337. Because remand is in any event required for evaluation of Meity's claim for withholding of removal, the Court needs not decide whether changed circumstances would warrant reopening.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).